**Joseph L. BOLDEN, Appellant**

v.

**Kecia WINCHESTER; Task Officer Heather NLN; State of Delaware, Superior Court; Jane Doe; Jane Doe.**

No. 08–1754.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) Sept. 18, 2008.

Opinion filed: May 5, 2009.

Joseph L. Bolden, Smyrna, DE, pro se.

Attorney Gen., DE, Office of Attorney General, Dover, DE, for Defendant.

Before: MCKEE, RENDELL and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Joseph L. Bolden appeals from an order of the United States District Court for the District of Delaware, dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). We will similarly dismiss the appeal.

Bolden filed a complaint and three separate documents that the District Court construed as supplements to the complaint.

The District Court carefully considered all four documents, and determined that Bolden was complaining essentially that he was improperly convicted for a probation violation for being "dirty" when in actuality he had completed a drug treatment program.[1] Bolden also complained of the process used for his conviction and sentence, and he requested compensation for the time he had missed work due to his incarceration.

The District Court properly held that Bolden's sole remedy for challenging his conviction and/or sentence is by way of a petition for a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (challenge that affects fact or duration of confinement must be brought in habeas petition). We further agree that to the extent Bolden seeks compensation for what he believes was an unconstitutional conviction or imprisonment, he must prove that the conviction or sentence has been reversed, expunged, or declared invalid. *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). It is not enough that Bolden, as he states in his notice of appeal, *believes* that the conviction is invalid; it must have been found invalid by a court of law.

We agree with the District Court that Bolden's complaint was legally frivolous, and we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

1. As we write primarily for Bolden's benefit, we will not repeat all of the allegations of the complaint. It appears, from statements in Bolden's notice of appeal, that the District Court properly understood his claims.